**FIRST NAT. BANK OF ANCHORAGE v.
VASEY et al.**

**No. A–7837.**

District Court, Alaska.
Third Division, Anchorage.
Sept. 26, 1953.

Cuddy, Cuddy & Dunn, Anchorage, Alaska, for plaintiff.

E. L. Arnell, Cuddy, Cuddy & Dunn, and Bell & Sanders, Anchorage, Alaska, for defendants.

FOLTA, District Judge.

The question presented is the priority of the liens.

Columbia Lumber Company had a materialman's lien on Lot 2 of the property involved in this action, for materials furnished between August 28, 1950, and November 24, 1950, which was foreclosed and the lot sold on September 24, 1952, under a judgment entered August 6, 1952. The sale, however, has not been confirmed.

The facts stipulated are:

1. The First National Bank of Anchorage obtained a first mortgage lien, the mortgage being duly recorded on December 8, 1950.

2. Sullens and Hoss obtained a materialman's lien for materials furnished between May 29, 1951, and July 26, 1951, which lien was duly filed on October 25, 1951.

3. June C. and Clifford E. Warren obtained a second mortgage lien which mortgage was duly recorded on June 3, 1952.

The only substantial question presented is whether, by virtue of Section 26–1–3 A.C.L.A.1949, the materialman's lien of Sullens & Hoss has priority over the antecedent mortgage of the First National Bank of Anchorage. Section 26–1–3 provides that "all liens created by this code upon any building or other improvements [i. e. all mechanics and materialmen's liens] shall be preferred to all prior liens, mortgages, or other incumbrances upon the land upon which the building or other improvement shall have been constructed or situated when altered or repaired".

The parties stipulated in open court that the building was in existence when the first mortgage was given and that the materials furnished by Sullens & Hoss were used on this building. It is not denied that these materials enhanced the value of the land and it is not asserted that enforcement of the materialman's lien of Sullens & Hoss would diminish the security of the first mortgage. Since all parties pray that the property be sold to satisfy their liens, the question of severability of the building from the land is not material.

The priority of the various liens, therefore, is adjudged to be as follows:

1. Columbia Lumber Company.

2. Sullens & Hoss.

3. First National Bank of Anchorage.

4. June C. and Clifford E. Warren.

Since Columbia Lumber Company is the senior lienor and has already foreclosed its lien, the sale of Lot 2 under the judgment of foreclosure will be confirmed, the purchaser taking subject to the other liens.